UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cosi, Inc.,

    Plaintiff,

v.                                      MEMORANDUM OPINION
                                           AND ORDER
                                          Civil No. 05-2770

WK Holdings, LLC,

    Defendant.

_____

    Bruce H. Little, Garrett M. Weber and Sarah B. Stroebel, Lindquist & Vennum, P.L.L.P. and James G. Goggin and Peter S. Black, Verrill Dana, LLP for and on behalf of Plaintiff.

    Kevin D. Conneely and Erin C. Skold, Leonard Street and Deinard, Professional Association for and on behalf of Defendant.

_____

    Plaintiff Cosi, Inc. ("Cosi") is a company headquartered in Chicago that operates a national chain of casual dining restaurants, offering a specialty flatbread and sandwiches. There are over one hundred and ten company owned Cosi restaurants located in sixteen states and the District of Columbia. Cosi is also actively selling franchises in forty-seven states and in select foreign countries. To date, Cosi has entered into franchise agreements or signed letters of intent to develop approximately three hundred and sixty additional restaurants.

Cosi owns a number of trademark registrations.  "Cosi Downtown" represents restaurant services, "Cosi Corners" represents a bread, "Cosi-Dillas" represents quesadillas, "Warm 'N Cosi Melts" - a sandwich, and "Cosi Pronto" - services and sandwich.

Defendant WK Holdings, LLC is owned by Bill Kozlak, and operates a fine-dining restaurant named Kozy's Steaks and Seafood ("Kozy's") that opened in the Galleria in August 2005.  Mr. Kozlak and his family are long-time members of the local restaurant community.  His grandparents opened the Jax Café; his uncle and family have owned Kozlak's Royal Oak and Kozlak's Oakwood Inn; other family members owned restaurants named T.K. Nick's, Tommy K's and Mr. Joe's. Mr. Kozlak and members of his family are commonly referred to by the nickname "Kozy".

Because Kozy's and Cosi's are pronounced the same, and because the menu at Kozy's features a section called "Kozy's Corner", and the lunch menu also features a Mini Kozy Burger and Kozy's Grilled Cheese, Cosi filed this action in December 2005, alleging four causes of action: Federal Trademark Infringement, Federal Unfair Competition, State Unfair Competition, and Dilution.  The parties have stipulated to a bench trial on the issue of trademark infringement.  Defendant moves for partial summary judgment on Cosi's claims of dilution, enhanced damages and attorney's fees.

1. Dilution Claims

Pursuant to 15 U.S.C. § 1125(c)(1), an owner of a famous mark is entitled to injunctive relief "against another who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, competition or of actual injury."

> A mark is "famous" if:
>
> it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner. In determining whether a mark possesses the requisite degree of recognition, the court may consider all relevant factors, including the following:
>
> (i) The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties.
>
> (ii) The degree of inherent or acquired distinctiveness of the famous mark.
>
> (iii) The extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark.
>
> (iv) The degree of recognition of the famous mark.
>
> (v) Whether the user of the mark or trade name intended to create an association with the famous mark.
>
> (vi) Any actual association between the mark or trade name and the famous mark.

15 U.S.C. §1125(c)(2)(A).

Defendant argues that it is entitled to summary judgment on this claim as the COSI mark is not famous.  Defendant first argues that Cosi is not a national brand, as the Cosi restaurants are located in only 16 states and the District of Columbia.  The geographic reach of the brand is also limited in some of these states.  For example, there are only three Cosi restaurants in Wisconsin and two in Minnesota.  Skold Aff., Ex. H.  Defendant further argues that advertising and marketing efforts are limited to those areas where a Cosi restaurant is located.  Webster Dep. 50-55; Boisclair Dep. 47-49 (discussing advertising and marketing of the two Minnesota restaurants).  Finally, Defendant argues that Cosi did not conduct a consumer survey regarding consumer recognition, so there is no evidence of consumer recognition in the record.

As noted above, the parties have stipulated to a bench trial on the trademark infringement claim.  It is Cosi's position that the motion for partial summary judgment as to the dilution claim should be denied, with leave to re-file, because the issue of whether its mark is "famous" raises the same inquiry necessary to determine "strength of the mark" - an element of the trademark infringement claim.

While it may be true that evidence relevant to the "strength" of a mark may also be relevant as to whether a mark is "famous", the Court nonetheless finds that summary judgment on the dilution claim is appropriate in this case.  The Eighth

Circuit has noted that the "judicial consensus is that 'famous' is a rigorous standard. 'Dilution is a cause of action invented and reserved for a select class of marks-those marks with such powerful consumer associations that even non-competing uses can impinge their value.'" Everest Capital Limited v. Everest Funds Management, LLC, 393 F.3d 755, 763 (8th Cir. 2005) (quoting Avery Dennison Corp. v. Sumpton, 189 F.3d 868, 875 (9th Cir. 1999)).

Cosi has not put forth evidence to support a finding that COSI falls into this select class of "famous" marks. While its business may be growing, the record clearly establishes that Cosi has, to date, only opened restaurants in 16 states. Cosi nonetheless argues that the public does view COSI as a national chain, citing to press release announcing Cosi, Inc.'s selection of a benefit enrollments system, and an article announcing the opening of a Cosi sandwich shop in Baltimore. Cosi, Ex. 2. Absent additional evidence, however, the Court finds that a press release and a news article in a local publication concerning a restaurant chain located in a small number of states, is not sufficient to establish that the COSI mark is famous, and falls within the ranks of such famous marks as "Victoria's Secret" and "Louis Vuitton".

Defendant further argues that to the extent Cosi is asserting a dilution claim under Minnesota state law in Count III of its complaint, summary judgment is also appropriate. The Court agrees. The gravamen of a dilution claim under

5

Minnesota law is that "the mark be particularly distinctive and well-known or famous."  Duluth News-Tribune v. Mesabi Publishing Company, 84 F.3d 1093, 1099 (8th Cir. 1996).  As noted above, the Court finds that "Cosi" is not sufficiently famous to warrant protection under the federal anti-dilution act.  The Court further finds that Cosi's Minnesota dilution claim has even less merit, given the fact that no Cosi restaurants existed in Minnesota at the time "Kozy's Steak and Seafood" opened, and that the two current Minnesota Cosi stores are not in close proximity to "Kozy's Steak and Seafood".  Summary judgment as to the Minnesota dilution claim is thus appropriate.

2.  Enhanced Damages

Defendant argues it is entitled to summary judgment as to Cosi's claims for enhanced damages, as Cosi has not shown it has incurred actual damages.  Without showing actual damages, Cosi is precluded from recovering additional damages.  Rainbow Play Systems, Inc. v. GroundScape Tech., LLC, 364 F. Supp.2d 1026 (D. Minn. 2005)(citing Caesars World, Inc. v. Venus Lounge, Inc., 520 F.2d 269, 275 (3rd Cir. 1975)).

Cosi responds that it need not prove actual damages in order to recover a defendant's profits, and that any reference to enhanced damages in the Complaint refers to an equitable accounting of Defendant's profits.  An accounting of Defendant's profits is one thing, enhanced damages another.  Accordingly, to the

extent the Complaint seeks enhanced damages, summary judgment is appropriate as Cosi has asserted it is not seeking enhanced damages.

    3.  Attorney's Fees

Finally, Defendant seeks summary judgment as to Cosi's claim for attorney's fees.  To recover attorney's fees under state or federal law, Cosi must show that Defendant willfully and deliberately infringed the COSI mark.  Defendant asserts no evidence has been presented to show that Mr. Kozlak willfully and deliberately infringed the COSI mark.

Under the Lanham Act, whether an award of attorney's fees is appropriate is determined by the Court.  15 U.S.C. § 1117(a).  The Lanham Act further provides that attorney's fees shall be awarded only in exceptional cases.  Id.  The Eighth Circuit has described an "exceptional" case as one in which "one party's behavior went beyond the pale of acceptable conduct."  Aromatique, Inc. v. Gold Seal, Inc., 28 F.3d 863, 877 (8th Cir. 1994).  Defendant argues there is no evidence which suggests Defendant "went beyond the pale of acceptable conduct."  Mr. Kozlak chose the name Kozy's because it was his nickname, he took steps to confirm the availability of "Kozy's Steak and Seafood" by conducting a limited trademark search and by conferring with counsel.  There is no evidence in the record that Mr. Kozlak did not follow counsel's advice.  See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., 80 F.3d 749, 753 (2nd Cir. 1996)(limited trademark

search, in direct contravention to advice from counsel, may be evidence of bad faith).

Cosi responds that willfulness is a question of fact, therefore summary judgment is not appropriate.  Minnesota Pet Breeders, Inc. v. Schell & Kampeter, Inc., 843 F. Supp. 506, 519 (D. Minn. 1993) aff'd 41 F.3d 1242 (8th Cir. 1994).  Cosi further assert that willfulness can be inferred from the Defendant's knowledge of the senior user's prior use, and that willfulness can be inferred from failure to conduct a proper trademark search.  See eg. Western Diversified Serv. v. Hyundai Motor Co., 943 F.2d 595 (6th Cir. 1991); Mobil Oil Corp. v. Pegasus Petroleum Corp., 818 F.2d 254 (2nd Cir. 1987).  Cosi argues that Defendant was aware of the COSI mark before it opened the Kozy's Steak and Seafood restaurant, and that Defendant did not conduct a proper trademark search.  The degree of willfulness from these facts is a fact question.

The Court finds that no reasonable jury could find willfulness from the facts that Mr. Kozlak had knowledge of the COSI mark prior to opening his restaurant and that he conducted a limited trademark search, given the logical connection of the name Kozy to Mr. Kozlak, the difference in services offered - fine dining versus a casual/sandwich restaurant - and the fact that no Cosi restaurants existed in Minnesota at the time the restaurant was opened.  Although allegedly limited, a trademark search was conducted and Mr. Kozlak sought, and apparently followed,

the advice of counsel.  Based on these undisputed facts, the Court finds that Cosi has failed to establish a genuine issue of material fact that Defendant acted willfully with respect to the use of "Kozy's".

    IT IS HEREBY ORDERED that Defendant WK Holdings, LLC's Motion for Partial Summary Judgment [Doc. No. 21] is GRANTED.

Date: May 1, 2007

s / Michael J. Davis
Michael J. Davis
United States District Court
